Alexandra Darby is here for the appellate Jews and Michael Billingsley is here for the government. Ms. Darby, you may begin. Thank you, your honor. May it please the court. Mr. Jews' Alabama youthful offender adjudication for an offense committed when he was 16 years old is not an adult conviction under section 2k 2.1 of the sentencing guidelines. The relevant commentary defers to state law on this issue and Alabama law does not classify a Y.O. adjudication as an adult conviction. The commentary to section 2k 2.1 explains that an offense that for an offense committed before the age of 18 it qualifies as an adult conviction only if it is classified as an adult conviction under the laws of the jurisdiction where the defendant was convicted. So in this case the court defers to Alabama law. I ask you a quick question do we um I'm a little confused as to whether we are supposed to use opinion factors for the 2k 2.1 guideline issue because you know you're right the commentary clearly says classified but it seems like that we've applied the opinion fact this sort of multi-factor analysis even to the 2k 2.1 is that right? Your honor, in the opinion case this court was addressing both an argument that this wouldn't qualify under under the criminal history category analysis as well as under the 4b 1.2 analysis so the court's discussion of the factors in opinion I think speak much more to the analysis under the criminal history points in light of the guidelines clear dictate that you have to look to Alabama law to make this determination so you know recognize that this court did look to some of the factors in opinion however the clear requirement under the guidelines when you're dealing with section 2k 2.1 or 4b 1.2 as opposed to the criminal history analysis it clearly refers to state law. Opinion didn't really tell us how the court weighs these factors. Is one factor weight heavier than the others? Is it a totality of the circumstances analysis? Your honor, it argues the totality of the circumstances but in this case what makes it? Well there are two there are two factors that favor the government right? The sentence three years favors the government. The actual time served favors the government. Your argument is that the nature of the proceedings favors your client right? Yes your honor in this case because they are so because Y.O. proceedings are so separate and so different than than adult criminal proceedings in an Alabama court that factor in this case should carry the day here. I mean we recognize that some of the factors do count toward the government however there are so many distinctions under Alabama law between Y.O. adjudication and adult criminal convictions beginning with the fact that under Alabama law it's not a conviction. I mean you're not considered to have sustained a conviction and with all of that there are a host of collateral consequences that don't apply. So is it clear that we look to Alabama law? Under the guidelines? Yes your honor it is because it's it clarifies you know an adult conviction is governed by the laws of the jurisdiction which in this case is Alabama. So so so on the on the 2k21 issue your sort of primary argument is that given commentary is reference to how the thing is classified under state law that your primary argument is that like you can just stop there. It sort of says it's classified. Y.O.s are not classified as adult convictions that's the end of it. And then secondarily that even if you do sort of this multi-factor opinion analysis classification weighs in your favor the nature weighs in your favor even if as Judge Wilson says some of the others weigh in the other direction. But but from your perspective I guess just sort of circling back to my initial question do you think principally do you think the classification is dispositive? As to 2k21 maybe not as to the other one for whatever sorry I've lost track of them but but as to 2k21 because of the reference to classification you think it's dispositive? Yes your honor but even to the extent that this court disagrees with me and thinks that that is not you know I do think that Alabama's clear dictate that this is not a conviction is a very relevant part of the analysis and it shows all of the steps that Alabama has taken to. And can I ask you what what is the the do you have case law on that that's your best case for that that proposition that Alabama does not consider this an adjudication? Your honor that's that is statutory. Okay. Yes your honor. It's statutory in Alabama law. Can you give me the statute please? Yes your honor so um so that is Are you thinking maybe about Alabama code 15-19-7? Thank you your honor. A youthful offender adjudication quote shall not be deemed a conviction of a title 15 in the Alabama code sets out a whole host of procedural differences that Alabama has to separate wire proceedings so for example that they are conducted in separate court proceedings from adult criminal sessions that these are closed proceedings that they lose the right to a jury trial and they also don't suffer the same collateral consequences as adults having right they don't lose they don't have the same collateral consequences and lose the rights that accompany an adult conviction. When the government gets up here they're gonna say United States versus Elliott tells us otherwise why is Elliott not applicable here? Because the Commission or the Sentencing Commission has drawn a line at whether someone is over 18 or under 18 and in Elliott this court wasn't required to address whether this was an adult conviction it was looking at whether it was a conviction at all and it didn't have that reliance on state law that is written into the commentary for offenses committed before a defendant is 18. Is that is that basically the same thing I've read a couple of these First Circuit opinions that you guys debate there's this case called curate you remember this one I maybe I'm pronouncing it correctly c-u-r-a-t-e-t I think is that basically what's going on there as well? No your honor so curate is distinguishable in that what curate was dealing with in the First Circuit is a case that was unquestionably adult and it was a guilty-file disposition which is dealing with adult courts and it was simply whether it was it was not in any way associated with a person's age. In this case what we are dealing with is something that is specifically for youthful offenders it is specifically for offenders under the age of 21 and it separates them from adult criminal proceedings based on their age. I mean so curate is not as helpful here because there is that difference because an Alabama law does make clear that again this is not a conviction for the purposes of Alabama law and there are a host of proceedings that separate youthful offender adjudication from adult criminal proceedings. What do you make of the government citation of this provision of Alabama law 12-15-204? Yes your honor so I think that is read to exclude certain offenders from the jurisdiction of a juvenile court but it doesn't address the issue here. Alabama courts have made clear that that statute does not preclude someone who is charged in adult court from seeking Y.O. status as happened here and when I excuse me and Y.O. status is granted early in the proceedings once it is granted nothing else happens on the indictment. If the proceedings are transferred to the Y.O. proceedings with all of the protections that kick in at that point and so that doesn't answer the question here because that's not dealing with how Alabama handles youthful offenders. Alabama law contains a host of protections meant to separate youthful offender proceedings from adult criminal proceedings and to shield Y.O. adjudication from the consequences of an adult criminal conviction and as such Alabama law makes clear that a Y.O. adjudication is not an Y.O. adjudication to enhance its base offense level. In light of these errors the court should vacate the sentence and remand for re-sentence. Can I just ask you one question before I stop? So just so I understand before the government gets up here your position really is that the three factors, the sentence the defendant received, the actual time served, the one which is the nature of proceedings that's the one that weighs in your favor and that's the one that we should give basically all the weight to? In this instance it weighs so heavily in the favor because of all of these protections that are built in. Yes it weighs heavily in Alabama's or yes your honor it weighs heavily in our favor. Thank you. So can I I'm sorry I just want to make sure I'm clear then I thought that your the classification weighs in my favor but likewise the classification under state law weighs in my favor and that that may in your view I thought that's the real 800-pound gorilla the classification the nature also helps but that the classification is the thing that really drives your train? Yes your honor. That's pretty much the same thing though isn't it? I would I would argue that it is your honor and that the fact that Alabama doesn't consider this a conviction is the clearest example of how they distinguish youthful adjudicants from adult criminal proceedings. Thank you. Thank you. Mr. Darby, Mr. Billingsley. Good morning. Michael Billingsley for the United States. May it please the court. I'd like to begin consistent with some of the questioning and try to narrow what the issue is we think is presented for the court to decide. Right off the classification under Alabama law I mean under the guidelines is considered a conviction is settled. It was settled by Elliott which said it's a question of federal law and so an Alabama youthful offender adjudication despite the fact that it's not classified as a conviction under state law is a conviction for purposes of the guidelines. You think that's further supported by the case we rely on and cite the Judge Newsome you referred to that curate case because it point is that I can ask you a question because in Elliott we specifically said that Pinon and Wilkes provide no guidance on the issue for determining whether the conviction was an adult conviction and isn't that really what the issue is before us? That was that was correct your honor because the like this Darby said the defendant in that case or was 18 at the time of the state conviction in question. He was 20 years old. I'm sorry. He was 20 years old. He was above 18. Yeah so the court didn't need to look to state law to determine whether it was adult in nature. The question though was whether it's just a conviction at all because the state calls it an adjudication. The state doesn't call it conviction and so that was the question and so the question was whether the whether it's an adult conviction whether it's conviction of the question of federal law you look to state law to determine whether it's adult in nature. But I mean the guidelines do draw this line right I mean the guideline says a conviction for an offense committed at age 18 years or older is seemingly like is as a matter of federal law an adult conviction but then the next sentence says a conviction for an offense committed prior to age 18 is an adult conviction. The court said there's a you're presuming of a federal definition of conviction there and you're looking at whether it's adult conviction but the commentary is not written to draw a distinction between how a state semantically classifies the result of the proceedings. It's about whether the person was treated as an adult or as a juvenile and the court made the point most strongly I think by saying everybody in this case agrees that this other two factors the fact that Mr. Deuce got over a year and that so the actual time he served and the sentence that he received way more in your in your favor. In terms of whether it was an adult in fact what I want to make clear as our position first off that there's no dispute that it's a conviction you're just deciding whether it was adult in nature. Right but that's that's the the isn't it? It is. Whether or not it's an adult conviction because clearly there was a conviction but the reason we're here is to determine whether or not it qualifies as an adult conviction. Absolutely. Under the guidelines it only is relevant if he was convicted as an adult. I mean it's clear that he received a sentence exceeding a year and a month okay. The question is whether or not the conviction is an adult conviction. Correct. Yes your honor I was just trying to. You have to convince us that it was. I know I know I'm just trying to maybe do a good job of explaining that whether it was a conviction is settled. We're looking at whether it was adult conviction and that that question is resolved by Pignon and Wilkes in our opinion. But but but you know it's a matter of Alabama law how could it be an adult conviction if Alabama doesn't even think it's a conviction? I mean like just like the Venn diagram right I mean is in order to be an adult conviction you have to first be a conviction Alabama law says it's not. That's reading the commentary as if you're looking to state law to determine whether it's conviction. Well no I guess I'm saying I'm looking to Alabama laws to see whether it's an adult conviction and Alabama doesn't even think it's a conviction let alone an adult conviction. Well like they say maybe one factor you would consider that they treat it differently and how it's you know the collateral consequences things like that but it's still a conviction. At Nelliot the court said WIOA adjudication is a conviction under federal law. I'm confused now Alabama considers this a youthful offender conviction. They don't call it conviction your honor. So they don't even call it a conviction. They call it an adjudication. All right anything anything less than three years is an adjudication you could get three years and it's still not a conviction. It's still anything under the WIOA. There's no conviction Alabama does not received in Alabama a conviction there right? That's right. And so you're asking us to disregard Alabama law? No your honor no I'm saying that the definition of conviction of whether it's a conviction is controlled by federal law. Federal law and the guidelines say that all sorts of things that aren't convictions can be or that not typical convictions withheld adjudications things like this can be. Are you able to cite a case a federal case where we say we disregard we disregard what the state calls this whether it's an adjudication or a conviction. We disregard with the state. What I would cite is the Kuret decision the First Circuit where the court says there's a pre-existing definition a federal definition of conviction and you only look to state law to determine whether whether it's an adjudication it's a disposition. Federal conviction you look to state law to determine if it's adult in nature. I guess I just wonder if Kuret is the closest First Circuit analog like there's this other case that the Kuret court cites called McGee that seems much more closely in point to me. Kuret like the Kuret court says there's no dispute under state law that this person is treated as an adult right? So that's like different very different from our case and Kuret's about this weird I don't know guilty file thing that I don't even understand really what that is but McGee is like a Y.O. case right? And McGee says let's look through the state law to see how state the state sort of treats this. I don't think it was a Y.O. case but the distinction in Kuret and I'm just really failing to make this point I think is that that they said they were everything that everybody agrees he was treated as an adult but they don't call it a conviction in the state they were looking at and they said that doesn't matter because it's a conviction or federal law regardless of what the state calls it but we need to look to state law to determine whether it was adult in nature. So I'm saying under federal law whether it's adjudication it's a disposition it's a conviction but it may be may or may not be adult in nature. If you the it wouldn't make any sense based on the purpose of the commentary to determine whether it's a adult conviction based on the semantics of what the state calls it. A person who's treated as an adult sentenced as an adult and the state calls it an adjudication that's not going to count. So you're so you're not so I guess then maybe I'm understanding better you're not denying that the fact that Alabama doesn't even treat this thing as a as any kind of conviction you're not denying that that might be indicative of the fact that it's not an adult conviction but that it's not dispositive of the fact that it's. The fact that it's called an adjudication does not it does not prevent it from being a conviction. The only question is whether it's an adult. And the fact that Alabama chooses to treat it as an adjudication that not a conviction might be indicative of the fact that Alabama doesn't treat it as an adult. I don't know if I could see that under the factors of opinion and wills because they don't that's not a relevant consideration under the nature of the proceedings unless you would put it under the nature of the proceedings certainly not a relevant fact to the sentence imposed or the sentence. That I suppose like what is this you know I suppose not I mean it could if you're looking at the nature of the proceedings overall certainly there are different collateral consequences based on the fact that it's not deemed a conviction in Alabama although Alabama does say if you repeat a thing if you commit another offense it can't be considered by the judge who's sentencing you for that second offense. So it's similar to the way that it's being treated under the state law. I guess what I'm struggling with is the plain language of the guideline. For offenses committed before the age of 18 the sentencing guidelines explain that quote if the defendant was convicted as an adult and received the sentence of imprisonment exceeding one year and one month add three points under 4A1.1. That seems clear to me. If he was convicted as an adult right He was not convicted as an adult. We think he was your honor. I mean the distinction that's being drawn there is between adult convictions and juvenile convictions. You mentioned the statute under Alabama which is 12 15 204 which says based on the crime committed by Mr. Deuce that statute says he wasn't even convicted according to Alabama law. He was just adjudicated. Again but I think that that doesn't matter under Elliott. That's our position that it's a federal definition of conviction and whatever the state called it it's a conviction for purposes of the guidelines. What is a federal definition of conviction? Maybe let's start there. I think under Elliott the court said and it's not going to say anything but it certainly said the Alabama youthful offender adjudication constitutes a conviction under the federal guidelines. That's what Elliott said. Again the distinction being drawn between the age is to determine whether there's an adult conviction. It's so it's a conviction you're looking to see whether it was adult in nature. That's the point that the major point that I'm trying to make and when you look at whether it's adult in nature and that's why Elliott said these these opinions aren't helpful to us because they look the opinion of Willis looked whether it was adult in nature. They're not addressing whether it was a conviction in the first place. All right so then what what's your response because I don't recall that your brief really gets into this but what's your response to Ms. Darby's contention if we really are going to drill down and look at the nature these things really are quite different. Very different collateral consequences, very different procedures in place. So like if we're going to really talk about the nature aren't they pretty different? There are some differences but there were differences in the state scheme and Wilkes and a state scheme and Pinion. The collateral consequences we would say are relevant to the three factors identified by the court and Pinion. In fact those are on the nature of the conviction. I think if you read these opinions Elliott and Acosta they kind of rebuke consideration of that because they say these youthful offender proceedings are for the purpose of giving first-time offenders a chance a second chance and not to have this hang over their head the rest of the time. It's not to give them some benefit down the road if they continue their criminal activity. So I think that being a consideration is specifically rebuked by these these of these opinions Elliott and Acosta come to mind but but I think that's a point made in many of them. What about the much sort of looser procedures in place in youthful offender adjudication? Fundamentally inquisitorial, not adversarial, you know sort of diversion programs, bench trials. The fact the fact that they're different again there were differences in the ones in Wilkes and Pinion doesn't mean they're not adults in nature. The nature they're trying to draw on the if if substantively collateral consequences don't inform nature and the procedures of the the procedures in place don't inform nature. What in your estimation does inform the nature? What would make something? If these were juvenile court proceedings. If look at look let me go back to the section 1215. He was charged in adult court and then they transferred him to the adult court considers whether he should be granted youthful offender. So he's the proceedings are still occurring in adult court. They're different but that doesn't mean they're not adult in nature. They're not juvenile in nature. Alabama has a juvenile court it has a juvenile process that was not what this is. He got three years in the custody of the Department of Corrections to say that's a juvenile in nature is not accurate. Alabama only makes that distinction if you if you get more than three years though. I mean anything less than you can be a youthful offender for three years and still get three years in prison. Alabama's made that determination. Three years is the maximum you can get as a youthful offender. Right. Alabama's determined that you can get three years in prison and still get a youthful adjudication and so you're asking us to quarrel with that? You get the youthful adjudication and the way Alabama works then your youthful offender adjudication before he was sentenced to three years. Can I ask you a question and this is also for your your colleague on the other side which is my understanding is that there's a provision also in Alabama law 1519 7a that says that if the youthful offender is substantively convicted of the crime the prior adjudication as a youthful offender shall be considered. That's right. That's right. So it can be considered an out of state court if you continue to reoffend which is sort of the point I was making about this court saying this is there to give you a benefit if you continue to commit crimes it's not to continue to give you a benefit. Let me just make this point is my time is about to run out. 1250 204 it said that based on the offense Mr. Deuce committed he was to be treated as an adult notwithstanding any other provision of law. Now of course he got youthful offender status and how that Alabama law provides for that but the only conclusion to draw for that to draw from that is Alabama considers the youthful offender process to be part of its part of its adult system. That's the only conclusion you can draw from that statement. May I ask another question Judge Wilson? So let me ask you a question for purposes of if we're considering the nature of the record could we look to the fact that he was charged in adult court? He was charged with first-degree robbery. The PSR notes that he was charged by a grand jury. I'm not sure if that's the way the PSR notes it but that's what happened and then it goes to the adult court where it remains and he gets youthful offender status and is sentenced by the adult court. Do we know why he was transferred to youthful offender status? He could because of the Alabama law he could apply for it and they do an investigation that he qualifies as discretion of the court this Alabama Circuit Court the adult court to decide whether he's going to get that or not. Yeah the application can be denied could have been denied. It could have been denied yes sir but this is making us look for some sort of quasi juvenile adjudication that the court opinion said we're not going to plumb the nuances of state statutory scheme to see if that exists. It would be inconsistent with the purposes of the guidelines. So your contention I guess is that under 1215-204 because it says shall be tried as an adult no matter how different things are from there on out on a YO conviction that is formally technically in adult court it's still adult adult all the way down. It's part of it's part of the adult process it says not withstanding any other provision of law that you're to be treated as an adult and it still allows for the YO process again it's not a juvenile proceeding we think the guidelines is trying to draw the distinction between juvenile and adults not this quasi juvenile situation that we're looking at here. If he'd been not given any prison time at all just probation would your argument be different? I think it would be different based on the three factors opinion it would be different because the the court there said that the nature or let me just quote one thing from that no it is undisputed that the defendant was sentenced to and served a period greater than one year and one month therefore we would consider the nature in terms of the sentence rather than South Carolina statutory classification to answer the question before us. The same thing is true here he was sentenced to three years served most of those three years if not all of it we think that resolves this case. All right thank you. Mr. Arbett you have reserved some time for rebuttal. Thank you your honor. I think that government's argument in curate is trying to parse out adult conviction to kind of read the state law deference out of it. We recognize that there are parts of Mr. Dues' youthful offender proceedings like his jail sentence. We recognize that there are parts that weigh against classifying this as an adult or that way for classifying this as an adult conviction but nonetheless the specific nature of Alabama's Y.O. proceedings including the fact that it's not a conviction including the fact that these are special sessions these are separate sessions that you lose the right to a Can I ask you a question that goes to the fact that Mr. Dues was charged in adult court and the proceeding was not in juvenile court it was an adult court and then he made an application to be treated as a youthful offender which is a youthful offender status and that was granted. Does that go to do we look at that in terms of the nature of the proceedings is that something that we as an adult um and that it proceeded in adult court your honor I don't think I don't believe so because once once that Y.O. adjudication is made the nature of the proceedings fundamentally shift nothing further happened on that robbery indictment yes that is what he is indicted for initially but he was adjudicated a youthful offender he wasn't convicted of robbery but Mr. Bill Ingsley's sort of position does have the benefit of being sort of a clean line right he said he says just look at 12 15 204 it says shall be tried and as an adult um and sort of like don't mess around with all the minutiae right I I understand that your honor but that's not consistent with Alabama law that treats youthful offenders so differently and Alabama courts have said that nothing in that provision shifts um a while or excuse me nothing in the conviction or the nothing in the statute that Mr. Bill is relying on precludes someone from applying for Y.O. status and then the nature just fundamentally shifts this is not a conviction under Alabama law and it doesn't have the whole host of um of collateral consequences and the host of all of the and it's kept fundamentally separate from adult criminal proceedings um and Judge Lagoa I know that you referenced that this is something that can be considered by an Alabama court later on and that is true but one important distinction is that this is not going to be considered a felony under Alabama's habitual offender act it sounds to me like your argument is that the guideline doesn't make any reference to how the defendant is it only makes reference to how the defendant is convicted in state court yes your honor it sounds like is that your argument yes your honor um and the Y.O. proceedings are just so fundamentally different in the nature of them um that it's separate it's clearly distinguished from the adult criminal system and so with that Alabama law makes clear that a Y.O. just is not an adult conviction can I ask you one further question about sort of the classification point that I was and sort of remain a little hung up on um which I think frankly is like a strong point in your favor but all of the the evidence the the sort of the code and case law evidence on your side in Alabama on that issue as Mr. Billingsley points out runs only to the question of whether whether Alabama treats this as a conviction at all right and he says look Elliott says as a matter of federal law it's a conviction now let's look through Alabama law to figure out whether it's an adult conviction now one I think again it's not crazy to think that it well it can't very well under Alabama law be an adult conviction if Alabama doesn't even consider it a conviction but if we're just at the level of under Elliott that the word conviction in the commentary carries a like federal law essence or something I would disagree with that when it comes to adult conviction because the guidelines makes this clear distinction between you know these offenders over the age of 18 where it is an adult conviction um versus under the age of 18 where you have this deference to state law I do think that deference to state law kicks in at the conviction of termination but can can I ask you a question about the commentary because this is sort of where I'm first up which is in the the commentary of application note 7 where it says for offenses committed prior to the age of 18 only those that resulted in adult sentences of imprisonment exceeding one year and one month are counted to avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a juvenile this provision applies to all offenses committed prior to age 18 I mean clearly if a conviction a sentence of three years would fall under this application note correct your honor again if it's if it's adult but Alabama doesn't consider this to be so you're so you're you're the way you argue out of the application note is that it's not an adult conviction even though it's over a year yeah sure okay um and I recognize that there is a difference in the criminal history calculation in chapter 4 and the guideline commentary in 2k 2.1 um and that there's not that clear deference to state law but we would argue that the nature of the proceedings for yo adjudications do separate them and render them to not be adult convictions thank you thank you Mr Belichick